**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santos MERCADO–ORTIZ, aka Santos Ortiz Mercado, aka Santos Mercado Ortiz, Defendant–Appellant.**

**No. 08–10488.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2010.

Filed May 21, 2010.

Walter Eric Rau, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: HUG, REINHARDT and BYBEE, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Santos Mercado–Ortiz ("Mercado") appeals the district court's decision to enhance his sentence following his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court enhanced Mercado's sentence under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2, which provides a sixteen-level sentence enhancement for defendants previously deported after "a conviction for a felony that is ... a crime of violence," U.S.S.G. § 2L1.2(b)(1)(A), including "sexual abuse of a minor," *id.* § 2L1.2 cmt. n. 1(B)(iii). The court held that Mercado's prior conviction for third-degree child molestation under Washington Revised Code § 9A.44.089 qualifies as "sexual abuse of a minor" under the Guidelines. On appeal, Mercado argues that this determination was plain error. We affirm.

Were we reviewing the district court's decision *de novo,* the question of whether § 9A.44.089 qualifies as "sexual abuse of a minor" would be a difficult one because of our subsequent decisions in *United States v. Medina–Villa,* 567 F.3d 507 (9th Cir.2009), and *Pelayo–Garcia v. Holder,* 589 F.3d 1010 (9th Cir.2009).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

However, at sentencing, Mercado did not object to the district court's characterization of his child molestation offense as "sexual abuse of a minor." Thus, we review this determination for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).[1] Under this standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Id.* (quotation marks omitted) (alteration in original).

In *United States v. Turman*, 122 F.3d 1167 (9th Cir.1997), we held that "[w]hen the state of the law is unclear at trial and only becomes clear as a result of later authority, the district court's error is perforce not plain. . . . We thus conclude[d] that plain error . . . normally means error plain at the time the district court made the alleged mistake." *Id.* at 1170. There is an exception to this rule: "[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration." *Johnson*, 520 U.S. at 468, 117 S.Ct. 1544. When this exception does not apply, the general rule applies—that is, when the law is *unsettled* at the time of the district court's ruling, "[w]e need only determine whether the . . . error was plain at the time the district court made the alleged mistake." *Turman*, 122 F.3d at 1170.

■ Our review for plain error is governed by the precedents in existence at the time of the district court's decision, *United States v. Baron-Medina*, 187 F.3d 1144

(9th Cir.1999), and *Estrada–Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir.2008) (en banc). It was not settled at the time of the district court's decision that Mercado's prior offense *was* "sexual abuse of a minor," and therefore *Johnson's* exception does not apply and we may not take intervening case law—namely, *Medina–Villa* and *Pelayo–Garcia*—into account in determining whether the district court's decision was plainly erroneous. *See Johnson*, 520 U.S. at 468, 117 S.Ct. 1544. Mercado's prior offense likely fails to satisfy the definition of "sexual abuse of a minor" established in *Estrada–Espinoza*,[2] so there was certainly room in our case law for Mercado to argue that a statute punishing sexual activity with children under the age of sixteen must "expressly prohibit[ ] conduct that causes physical or psychological harm" in order to qualify as "sexual abuse of a minor." *Pelayo–Garcia*, 589 F.3d at 1014 (quotation marks omitted). Because the law was still in development when the district court issued its decision, "this case falls under the general rule, not the *Johnson* exception. We need only determine whether the . . . error was plain at the time the district court made the alleged mistake." *Turman*, 122 F.3d at 1170. In other words, we must determine whether it was "plain" at the time of the district court's decision that Mercado's prior offense was *not* "sexual abuse of a minor."

■ The court's error was not plain under *Estrada–Espinoza* and *Baron–Medina*. Mercado's prior offense probably does not satisfy *Estrada–Espinoza's* definition of "sexual abuse of a minor." How-

---

1. We do not reach the issue of whether Mercado *waived* the argument that the district court erred in holding that he is subject to the "crime of violence" enhancement.

2. In *Estrada–Espinoza,* we added to the definition of "sexual abuse of a minor" by reference to the federal statutory rape statute, 18

U.S.C. § 2243, and held that under this statute, "sexual abuse of a minor" contains "four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." 546 F.3d at 1152.

ever, *Estrada–Espinoza* did not overrule *Baron–Medina*, and we have recognized that *Estrada–Espinoza* did not "hold that § 2243 provides the only relevant definition of the term 'sexual abuse of a minor.'" *Medina–Villa*, 567 F.3d at 515. Rather, the federal *generic* definition of "sexual abuse of a minor" first established in *Baron–Medina* provides a second, independent basis for a conviction to qualify as "sexual abuse of a minor" under the Guidelines. *See id.* at 515–16 ("We ... reject the proposition that § 2243 defines the universe of sexual offenses contemplated by U.S.S.G. § 2L1.2's term 'sexual abuse of a minor'"); *Pelayo–Garcia*, 589 F.3d at 1013 (noting that "[w]e have set out two different generic definitions of 'sexual abuse of a minor,'" namely § 2243(a) and the generic definition).

Thus, the question is whether Mercado's prior offense plainly fails to satisfy the *generic* definition of "sexual abuse of a minor" set forth in *Baron–Medina*. Given *Baron–Medina's* expansive interpretation of the term "sexual abuse of a minor," it could not have been "plain" to the district court at the time of Mercado's sentence that Mercado's prior offense did not qualify as "sexual abuse of a minor." *Baron–Medina* established only that sexual conduct with "young children" is *per se* abusive, and that children under fourteen are "young children" for these purposes. 187 F.3d at 1147. Thus, the district court's determination that Mercado's sexual conduct with a child under the age of sixteen was "sexual abuse of a minor" was not plainly erroneous under the case law at the time.

AFFIRMED.